IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 1:10CR07

MICHAEL J. PAVLOCK and
RICHARD W. POWELL, JR.,

       Defendants.

## REPORT AND RECOMMENDATION AND ORDER

On the 29th day of January 2010, the defendants, Michael J. Pavlock and Richard W. Powell, Jr., filed "Co-Defendants' Joint Motion to dismiss Indictment or, in the Alternative, Motion for Bill of Particulars" [Docket Entry 36]. The United States filed its Response in Opposition to Defendants' Motion on February 12, 2010 [Docket Entry 43].

### Report and Recommendation

In their Motion to Dismiss, Defendants move the Court to dismiss Counts 1-12 of the Indictment "because each fails to state the offense wire fraud. Each fails to state any claim of a crime. Additionally, each count fails specifically to claim a crime on the part of defendant, Michael J. Pavlock" Additionally, Defendants request the Court dismiss Counts 13-15, "as these Counts inaccurately reflect the facts."

Federal Rule of Criminal Procedure 7(c)(1) merely directs that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant[s] of the exact charges and (2) enable the defendant[s] to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294 (4th Cir. 1998). Accord Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Brandon, 298

F.3d 307 (4th Cir. 2002); United States v. Loayza, 107 F.3d 257 (4th Cir. 1997); and United States v. Sutton, 961 F.2d 476 (4th Cir. 1992).

When challenged (prior to conviction) the Fourth Circuit requires that the indictment recite the essential elements of each charged offense. United States v. Darby, 37 F.3d 1059 (4th Cir. 1994); United States v. Pupo, 841 F2d. 1235 (4th Cir. 1988). An "essential element" is one "whose specification . . . is necessary to establish the very illegality of the behavior and thus the court's jurisdiction."

Ordinarily, an indictment that tracks the statutory language is sufficient. See, e.g., Hamling, 418 U.S. at 117; United States v. Wicks, 187 F.3d 426 (4th Cir. 1999); United States v. American Waste Fibers co., 809 F.2d 1044 (4th Cir. 1987); and United States v. Amend, 791 F.2d 1120 (4th Cir. 1986). Applying this principle, the Fourth Circuit has upheld as sufficient indictments that did not allege specific acts in violation of cited statues. See, e.g., American Waste Fibers Co., id. at 1046-1047; Amend, id. at 1125; and United States v. Kelly, 462 F.2d 372 (4th Cir. 1972).

When reviewing a district court's denial of a motion to dismiss any indictment, the Fourth Circuit reviews factual findings for clear error and its legal conclusions de novo. See, e.g., United States v. Brandon, 298 F.3d 307 (4th Cir. 2002); United States v. Ward, 171 F.3d 188 (4th Cir. 1999); and United States v. Loayza, 107 F.3e 257 (4th Cir. 1997).

In this matter, the defendants are charged with Wire Fraud, Title 18 U.S.C. section 1343, and False Entries in Bankruptcy Document, 18 USC section 1519. 18 USC section 1343 provides:

> Whosoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representation, or promises, transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . . .

The Indictment charges Pavlock in Counts 1 through 12 with "knowingly and intentionally devising a scheme and artifice to defraud and for obtaining money and property from others by means of material false and fraudulent pretenses, representations, and promises . . . . . On or about the dates below, defendant [] transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, picture and sounds for the purpose of executing such scheme and did aid abet, counsel, command, induce, procure and willfully cause the transmission of the following wire communications in interstate commerce, each transmission constituting a separate count."

The undersigned United States Magistrate Judge finds that the indictment as to Counts 1 through 12 tracks the statutory language of 18 USC section 1313. The undersigned further finds the indictment as to Counts 1 through 12 recites the essential elements of 18 USC section 1313.

Counts 13-15 charge Defendants with False Entries in Bankruptcy Document, in violation of 18 USC section 1519, which provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under Title 11, or in relation to or contemplation of any such matter or case . . . .

The Indictment in this matter charges Defendants with willfully (or knowingly) causing material false entries with the intent to obstruct and influence the proper administration of a bankruptcy case filed under United States Code, Title 11, *i.e.*, <u>In re: Golden Investment Acquisitions, LLC</u>. The Indictment goes on to describe for each count the specific actions taken by each defendant that violate the statute.

Again, the undersigned United States Magistrate Judge finds the Indictment tracks the statutory language of 18 USC section 1519, and further finds the Indictment as to Counts 13 through 15 recites the essential elements of the statute.

For all the above reasons, the undersigned United States Magistrate Judge finds the Indictment: (1) indicates the elements of the offense and fairly informs the defendants of the exact charges and (2) enables the defendants to plead double jeopardy in subsequent prosecutions for the same offense.  United States v. Williams, 152 F.3d 294 (4th Cir. 1998).  Accord Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Brandon, 298 F.3d 307 (4th Cir. 2002); United States v. Loayza, 107 F.3d 257 (4th Cir. 1997); and United States v. Sutton, 961 F.2d 476 (4th Cir. 1992).

### Recommended Decision

For all the above reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Defendants' Joint Motion to Dismiss Indictment [Docket Entry 36] be **DENIED.**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

**ORDER**

As an alternative to their Joint Motion to Dismiss, Defendants move the Court for a Bill of Particulars. The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense. . . when the indictment itself is *too vague and indefinite for such purposes.* Wong Tai v. United States, 273 U.S. 77 (1927) (emphasis added). United States v. Addonizio, 451 F.2d 49, 63-64 (3rd Cir.), cert. denied, 405 U.S. 936 (1972).

> The function of a bill or particulars is not to provide "detailed disclosure of the government's evidence in advance of trial" but rather to supply "any essential detail which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973). A bill of particulars is not an investigative vehicle for the defense and is not available as a tool to obtain detailed disclosure of the government's evidence prior to trial or to provide the defendant with additional discovery.
>
> See e.g.., United States v. Automated Med. Labs, Inc., 770 F.2d 399, 405 (4th Cir. 1985).

Upon consideration of all which, the Court finds the Indictment not so vague and indefinite as to permit surprise during the trial or to allow for a second prosecution based upon the same conduct. Further, and more importantly at this point in the proceedings, the Court has stayed discovery pending resolution of the United States' Motion to Disqualify Counsel. Because said motion has not yet been resolved by Court Order, the Court could not at this time order the United States to disclose discovery even if it granted the motion for bill of particulars.

Defendant's Motion for Bill of Particulars (Docket Entry 36, in the alternative) is therefore **DENIED** without prejudice.

It is so **ORDERED.**

The Clerk of court is directed to send copies of this Report and Recommendation and Order to all counsel of record.

DATED: February 17, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE