**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**       //    **CRIMINAL ACTION NO. 1:10CR7**
                                   **(Judge Keeley)**

**MICHAEL J. PAVLOCK and
RICHARD W. POWELL, JR.,**

       **Defendants.**

**ORDER FOLLOWING HEARING ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 46], AND GRANTING GOVERNMENT'S
MOTION TO DISQUALIFY COUNSEL [DKT. NO. 23]**

On January 19, 2010, the Government filed a motion to disqualify defense counsel, Jennifer McGinley ("McGinley") (dkt. no. 23), in which it argued that McGinley cannot represent the defendants, Michael J. Pavlock and Richard W. Powell ("Pavlock and Powell"), in this case because of unwaivable conflicts of interest arising from her joint representation of the defendants, and also from her representation of possible witnesses, and her involvement in other matters ancillary to the case. After the conclusion of the briefing (dkt. nos. 32, 39 and 40), the Court heard argument on March 11, 2010, and disqualified McGinley from further representation in this case.

**BACKGROUND**

On February 19, 2010, Magistrate Judge John S. Kaull ("Magistrate Judge Kaull") issued a Report and Recommendation ("R&R"), in which he recommended that the government's motion to

**UNITED STATES V. PAVLOCK, ET AL.** 1:10CR7

## ORDER FOLLOWING HEARING ADOPTING THE
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
## AND GRANTING GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL

disqualify should be granted because it would be impossible for McGinley to represent both defendants with undivided loyalty, and because her ability to cross-examine one of the government's potential witnesses, Robert Konchesky ("Konchesky"), would be fatally compromised given that McGinley also represents Konchesky. Magistrate Judge Kaull reasoned that, although the Sixth Amendment guarantees a limited right for an accused "to be represented by an attorney of his own choosing," United States v. Inman, 483 F.2d 738, 739-40 (4th Cir. 1973), this right is not absolute and must yield to the Sixth Amendment's greater aim "to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988) (citing United States v. Cronic, 466 U.S. 648, 657 n.21 (1984) and Morris v. Slappy, 461 U.S. 1, 13-14 (1983)). He reasoned further that federal courts must ensure "that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Id. at 160.

He also relied on United States v. Dolan, 570 F.2d 1177, 1184 (3d Cir. 1978), which held that

**UNITED STATES V. PAVLOCK, ET AL.**                          1:10CR7

**ORDER FOLLOWING HEARING ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL**

> when a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver.

In light of their business dealings and prior litigation disputes, Magistrate Judge Kaull concluded that "Pavlock and Konchesky have been in direct and actual conflict with each other since their business dealings led to Konchesky obtaining the 1996 judgment against Pavlock." R&R at 14. Pavlock is charged in all counts of the indictment and the forfeiture allegation, while Powell is charged in only one count and the forfeiture allegation, a difference that could result in further conflicts of interest during the future course of the case.

In light of the inherent conflicts arising from these circumstances, and McGinley's joint and simultaneous representation of Pavlock, Powell, and Konchesky, Magistrate Judge Kaull concluded

**UNITED STATES V. PAVLOCK, ET AL.                              1:10CR7**

**ORDER FOLLOWING HEARING ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL**

that her ability to adequately represent Pavlock and Powell was compromised, and that such joint representation could later provide a basis to collaterally attack any convictions based on ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 692 (1984); and United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991). He also concluded that, should the defendants be convicted, McGinley's divided loyalties could prohibit her from effectively advocating for each client during sentencing. He therefore recommended that McGinley be disqualified from further representation of the defendants in this case. In doing so, he informed the parties that they had fourteen days to object to the R&R. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); and United States v. Schronee, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The defendants filed timely objections to the R&R on March 4, 2010 (dkt. no. 48), which the government has characterized as a verbatim recitation of the defendants' arguments in opposition to the government's motion to disqualify McGinley. It argued that, because McGinley failed to specifically challenge Magistrate Judge Kaull's reasoning, the defendants are not entitled to a de novo

4

**UNITED STATES V. PAVLOCK, ET AL.** 1:10CR7

**ORDER FOLLOWING HEARING ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL**

review of the R&R. See Oripano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Alternatively, it contended that, even if a de novo review is conducted, the Court should adopt the R&R because of McGinley's numerous and unwaivable conflicts, as well as the violation of her ethical duties as a lawyer that would result from her continued representation of the defendants in this case (dkt. no. 50).

During oral argument, McGinley persisted in her assertion that she may represent the defendants because 1) they are not in conflict with one another, 2) both desire her continued representation, and 3) both have agreed to present a joint defense. Further, she contended that her familiarity with the factual background of the case makes her the most competent attorney to represent the defendants. The government reiterated its earlier argument that McGinley's conflicts in the case are so deep and numerous that she cannot impartially evaluate the defendants' individual cases.

After hearing these arguments, the Court concluded that McGinley's numerous and unwaivable potential and actual conflicts of interest in the case are obvious and preclude her from representing Pavlock and Powell in this case. For her to do so

**UNITED STATES V. PAVLOCK, ET AL.** 1:10CR7

**ORDER FOLLOWING HEARING ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL**

would violate each of the defendants' right to loyal and zealous representation. Moreover, by her continued representation of the defendants, McGinley would violate her ethical duties as a lawyer under the West Virginia Rules of Professional Conduct. See, e.g., W. Va. R. Prof. Conduct 1.7.

For these reasons, the Court adopted the recommendation in Magistrate Judge Kaull's well-reasoned and thorough R&R (dkt. no. 46) and **GRANTED** the government's motion to disqualify McGinley. (dkt. no. 23). It **ORDERED** McGinley to turn over her file to new defense counsel, whether retained or appointed, and granted the defendants until **April 12, 2010** to hire new counsel or submit a request for counsel to be appointed on behalf of each of them.

Pending the appearance of new counsel, the Court held in abeyance all motions filed in the case so that future counsel may evaluate whether they intend to pursue the pending motion to dismiss the indictment, or in the alternative, motion for a bill of particulars. (dkt. no. 36). Accordingly, the speedy trial clock will remain tolled at two days, with sixty-eight days remaining. See 18 U.S.C. §3161(h). Upon the appearance of new defense counsel, the Court will schedule a hearing to schedule further dates in the case.

**UNITED STATES V. PAVLOCK, ET AL.**                                                                 **1:10CR7**

**ORDER FOLLOWING HEARING ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL**

The Court directs the Clerk to transmit copies of this order to counsel of record and all appropriate agencies, and further to send a copy of the order to the defendants, Michael J. Pavlock and Richard W. Powell, Jr. via regular mail and certified mail, return receipt requested.

DATED: April 1, 2010.

                                                     /s/ Irene M. Keeley
                                                   IRENE M. KEELEY
                                                   UNITED STATES DISTRICT JUDGE