```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                    **CIVIL NO. 1:10CR7**
                                                           **(Judge Keeley)**

**MICHAEL J. PAVLOCK and**
**RICHARD W. POWELL, JR.,**

      **Defendants.**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

**I. INTRODUCTION**

On January 29, 2010, the defendants, Michael J. Pavlock ("Pavlock") and Richard W. Powell, Jr. ("Powell") (collectively, "the defendants"), jointly filed a pro se motion to dismiss the indictment, or in the alternative a motion for a bill of particulars. (dkt. no. 36). On February 12, 2010, the government responded to the motion, arguing that the indictment fully complied with the pleading requirements of Federal Rule of Criminal Procedure 7, and that a motion for a bill of particulars was premature. Prior to the filing of this motion, the Court had referred all pre-trial motions to the Honorable John S. Kaull, United States Magistrate Judge, on January 20, 2010, for entry of reports and recommendations or orders, as necessary.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

## II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 18, 2010, Magistrate Judge Kaull issued a report and recommendation ("R&R") in which he recommended that the defendants' joint motion to dismiss the indictment be denied. He also denied the alternatively pleaded motion for a bill of particulars because the district court had stayed discovery in the case while it determined whether to disqualify defense counsel, Jennifer McGinley, from further representation in the case.

The R&R concluded that Federal Rule of Criminal Procedure 7(c) requires only "a plain, concise, and definite written statement of the essential facts constituting the offense charged." It further observed that, "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). It also observed that indictments tracking the statutory language of a charged offense will ordinarily withstand challenges to their adequacy, Hamling v. United States, 418 U.S. 87, 117 (1974). Further, indictments lacking specific factual allegations

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

will be upheld so long as they meet the basic threshold requirements of tracking the statutory language of the offense and setting "'forth all the elements necessary to constitute the offense intended to be punished.'" United States v. American Waste Fibers Co., Inc., 809 F.2d 1044, 1046 (4th Cir. 1987) (quoting Hamling, 418 U.S. at 117).

In light of these standards, the R&R concluded that each count "(1) indicates the elements of the offense and fairly informs the defendants of the exact charges and (2) enables the defendants to plead double jeopardy in subsequent prosecutions for the same offense." R&R at 4 (citing Hamling, 418 U.S. at 117; United States v. Brandon, 298 F.3d 307 (4th Cir. 2003); Williams, 152 F.3d at 294; United States v. Loayza, 107 F.3d 257 (4th Cir. 1997); and United States v. Sutton, 961 F.2d 476 (4th Cir. 1992)). Magistrate Judge Kaull therefore recommended that the pro se motion to dismiss the indictment be denied.

The defendants timely filed general objections to the R&R on March 3, 2010, which failed to specify the legal basis for their objections. The Court meanwhile disqualified McGinley on March 11, 2010, and held all motions, including the defendants' pro se motion

UNITED STATES V. PAVLOCK, ET AL.                              1:10CR7

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]

to dismiss, in abeyance. See (dkt. no. 52). Following the appearance of new counsel for defendant Pavlock, the Court granted the defendants leave to file supplemental objections to Magistrate Judge Kaull's R&R. (dkt. no. 79). Defense counsel then sought an extension to file supplemental objections, and on June 18, 2010 filed objections which essentially repeated the arguments previously raised before Magistrate Judge Kaull. In addition, counsel filed a second motion to dismiss the indictment, adding grounds of duplicity, outrageous government conduct, and selective prosecution. (dkt. no. 89).

### III. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt without explanation any recommendations to which no objections are filed. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**UNITED STATES V. PAVLOCK, ET AL.                              1:10CR7**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

## IV. ANALYSIS

### A. The Report and Recommendation

#### 1. The Pro Se Objections

The defendants' pro se objections to Magistrate Judge Kaull's R&R do not specifically challenge the legal analysis in the R&R. Compare (dkt. no. 47) with (dkt. no. 36). Because they lack specificity and do not challenge the legal reasoning of the R&R, the Court need not review the pro se objections de novo. See Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Even when reviewed de novo, however, these objections fail as a matter of law. The pro se objections contend that this case should be pursued, if at all, as a civil case, that the wire fraud counts fail to charge Pavlock with committing any criminal offenses, and that the indictment in its entirety fails to outline the elements of each offense. They also assert that the allegations in Counts Thirteen through Fifteen are factually incorrect.

Magistrate Judge Kaull's R&R correctly applies Hamling's standards, 418 U.S. at 117, in recommending that the indictment

**UNITED STATES V. PAVLOCK, ET AL.**                                       **1:10CR7**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

should not be dismissed. Each count in the indictment tracks the language of the criminal statute corresponding to each count, recites the essential elements of each offense, and would permit the defendants to plead double jeopardy in a subsequent prosecution. See Hamling, 418 U.S. at 117; Williams, 152 F.3d at 299. Moreover, their challenge to Counts Thirteen through Fifteen amounts to nothing more than a disagreement with the truth of the factual allegations in those counts. Such objections, however, must be reserved for trial. See United States v. Jefferson, 546 F.3d 300, 312 (4th Cir. 2008); United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004).

    **2.   Pavlock's Supplemental Objections**

The objections filed by Pavlock's counsel do not specifically challenge the legal reasoning of Magistrate Judge Kaull, but instead challenge Counts One through Twelve as "vague". The objections as to Counts Thirteen through Fifteen raise no challenges beyond those in the pro se objections.

Pavlock's "vagueness" argument asserts that he should not be prosecuted for the majority of the wire fraud counts because he is listed as the transmittor only in Count Eight. This objection

**UNITED STATES V. PAVLOCK, ET AL.**                                   **1:10CR7**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

fails because, to convict Pavlock of wire fraud, the government need only establish that (1) he "knowingly and willfully participated in a scheme to defraud and (2) used interstate wire communications in furtherance of such a scheme," United States v. Mehta, 594 F.3d 277, 280 (4th Cir. 2010), and (3) that he advanced the scheme through material falsehoods.  Neder v. United States, 527 U.S. 1, 25 (1999).  The elements of the offense of wire fraud in 18 U.S.C. § 1343 do not require that a person personally send a transmission, referring rather to a person "causing" transmissions to be sent through the wires. The government therefore need only prove that Pavlock knowingly and willfully contributed to, or was responsible for, these transmissions being sent in furtherance of a scheme to defraud.  Id.  The indictment therefore adequately alleges that Pavlock caused all twelve wire fraud transmissions to be sent in furtherance of a scheme to defraud in violation of 18 U.S.C. § 1343.

Pavlock also argues that the allegations in the indictment are factually inadequate because they do not apprise him of the nature of the fraud he is charged with committing, and also fail to describe how he sought to obtain funds for his personal use.  This

**UNITED STATES V. PAVLOCK, ET AL.** 1:10CR7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

argument fails because, as Magistrate Judge Kaull correctly concluded, to pass constitutional muster the indictment need not include supporting factual details; nor must it disclose the government's theory of the case. See United States v. Loayza, 107 F.3d 257, 260-61 (4th Cir. 1997) (recognizing that an indictment need not apprise the defendant of the prosecution's theory of the case or describe "'the supporting evidentiary facts'") (quoting United States v. Arlen, 947 F.2d 139, 146 n.7 (5th Cir. 1991)).

Pavlock contends further that the indictment is silent as to whether "the alleged wire transfers were a part of or were committed after the alleged various schemes had been actually completed." Def.'s Supp. Objs. at 7 (dkt. no. 89). On its face, however, the indictment describes that the scheme to defraud took place between 1999 and January 5, 2010, and that each wire fraud transmission was sent within this time frame.

For the reasons discussed, the Court **ADOPTS** the R&R in its entirety and **DENIES** the defendants' pro se motion to dismiss the indictment (dkt. no. 36), defendants' joint objections (dkt. no. 47) and renewed response and objection (dkt. no. 48).

**UNITED STATES V. PAVLOCK, ET AL.**                              **1:10CR7**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

**B.   Pavlock's Second Motion to Dismiss the Indictment**

Pavlock's second motion to dismiss the indictment also fails as a matter of law.

**1.   Duplicity**

Pavlock argues that the indictment's counts are duplicitous because they fail to apprise him of whether the government is charging him with committing fraud on the basis of a scheme to defraud, or on the basis of false or fraudulent pretenses, representations or promises.  The government contends that the indictment's counts are not duplicitous because the indictment permissibly charges alternative means by which Pavlock could have committed each wire fraud offense rather than charging him with two distinct offenses in a single count.  See United States v. Burns, 990 F.2d 1426, 1338 (4th Cir. 1993) (quoting 1 Charles A. Wright, Federal Practice and Procedure § 142, at 469 (2d ed. 1982) (defining duplicity)).

Contrary to Pavlock's assertion, no count charges him with committing multiple offenses within a single count.  "[D]uplicity is 'the joining in a single count of two or more distinct and separate offenses.'"  Burns, 990 F.2d at 1438 (quoting 1 Charles A.

9

**UNITED STATES V. PAVLOCK, ET AL.**                              1:10CR7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

Wright, Federal Practice and Procedure § 142, at 469 (2d ed. 1982)). Counts One through Twelve each allege multiple means by which Pavlock could have committed the single offense of wire fraud. This governmental pleading tactic is perfectly valid because "'[w]here a statute specifies several alternative ways in which an offense can be committed, the indictment may allege the several ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient.'" United States v. Brandon, 298 F.3d 307, 314 (4th Cir. 2002) (quoting United States v. Harvard, 103 F.3d 412, 420 (5th Cir.1997) (internal quotation marks omitted)).

As Pavlock acknowledges, wire fraud may be committed by devising a scheme to defraud, or by devising a scheme to obtain money and property by materially false pretenses. See McNally v. United States, 483 U.S. 350, 358-59 (1987)), abrogated on other grounds by 18 U.S.C. § 1346. The indictment may charge him in the conjunctive with committing wire fraud through both types of fraud, and it need not be limited to charging him with committing each offense by a single means. The indictment's alternatively pleaded

**UNITED STATES V. PAVLOCK, ET AL.** 1:10CR7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

allegations, therefore, do not run afoul of the law, and Pavlock's motion fails to establish duplicity.

### 2. <u>Outrageous Government Conduct</u>

Pavlock also contends that the indictment should be dismissed because the conduct of FBI Special Agent Brian Fox ("Fox") amounts to outrageous governmental conduct. Pavlock contends that Fox acted outrageously by instigating several civil and criminal prosecutions against him through misrepresentations to law enforcement officials, contributing to the failure of his business enterprises by creating "an atmosphere of negativity," intimidating and manipulating witnesses, and violating Pavlock's attorney-client privilege with Kevin Clancy ("Clancy") by threatening Clancy with prosecution if he did not agree to cooperate with a grand jury investigation.

In response to this, the government contends that the actions of Fox were proper law enforcement activities or are irrelevant to the present case, are based on speculative allegations or unresolved factual matters, or involve the actions of third parties whom Fox did not control. The government further contends that Pavlock cannot establish a violation of his attorney-client

11

UNITED STATES V. PAVLOCK, ET AL.                              1:10CR7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

privilege because he has not demonstrated a privilege existed or identified any privileged information divulged by Clancy. Moreover, the government asserts that, even if proven, a violation of Pavlock's attorney-client privilege would not constitute a violation of his due process rights. See United States v. Omni Intern Corp., 634 F. Supp. 1414, 1421 (D. Md. 1986) ("It is doubtful whether, in any event, dismissal of the indictment would be appropriate for breaches of the attorney-client privilege, no matter how flagrant the intrusion.") (citing United States v. Morrison, 449 U.S. 361 (1981)). Finally, the government contends that, even if true, Pavlock's allegations fall short of the misconduct described in the cases relied on by Pavlock, and do not amount to violations of his constitutional rights.

In order to sustain a claim of outrageous governmental conduct, a defendant must establish that "the government's conduct was so outrageous that it violated his right to due process of law." United States v. Osborne, 935 F.2d 32, 36 (4th Cir. 1991). This requires that the government's conduct "be so outrageous as to shock the conscience of the court." Id. (citation omitted); see also United States v. Dyess, 478 F.3d 224, 234 (4th Cir. 2007)).

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

"Government conduct is not outrageous simply because it may be somewhat offensive," and "the appellate courts over time [have] continued to demonstrate a high shock threshold in the presence of extremely unsavory government conduct." Osborne, 935 F.2d at 36 (citing United States v. Goodwin, 854 F.2d 33, 37 (4th Cir. 1988)). Moreover, courts have rejected the doctrine of outrageous government conduct "'with almost monotonous regularity,'" and "[a]s a practical matter, only those claims alleging violation of particular constitutional guarantees are likely to succeed." United States v. Jones, 13 F.3d 100, 104 (4th Cir. 1993) (citing United States v. Hunt, 749 F.2d 1078, 1087 (4th Cir.1984); United States v. Santana, 6 F.3d 1, 4 (1st Cir. 1993)).

Here, the allegations underlying Pavlock's claim of outrageous government fall far short of governmental conduct that is "so outrageous as to shock the conscience of the court." Osborne, 935 F.2d at 36. Moreover, Pavlock fails to assert that the government's conduct violated any of his particular constitutional guarantees. See id.

The outrageous governmental conduct allegedly committed by Fox also cannot be reasonably compared to the conduct in the cases

**UNITED STATES V. PAVLOCK, ET AL.**                              1:10CR7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

cited by Pavlock, which involved kidnaping an individual overseas, or facilitating an elaborate entrapment scheme. See United States v. Toscanino, 500 F.2d 267, 275-76 (2d Cir. 1974) (involving allegations of illegal governmental kidnaping and the transport of an Italian national to the United States from Uruguay), abrogation recognized by In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 157, 167 n. 5 (2d Cir. 2008); United States v. Twigg, 588 F.2d 373, 380 (3d Cir. 1978) (involving the Drug Enforcement Administration's facilitation and financing of a methamphetamine laboratory). Thus, Fox's alleged conduct does not warrant dismissal of the indictment. Nor is it necessary for the Court to conduct an evidentiary hearing on this matter.

    **3.    Selective Prosecution**

Finally, Pavlock contends the government is selectively prosecuting him because it has declined to prosecute other individuals involved in his business affairs. He also contends that he is only being prosecuted in Counts Thirteen through Fifteen because of his association with an individual named Spencer Graham. Pavlock's selective prosecution claim, however, falls short of

**UNITED STATES V. PAVLOCK, ET AL.**                          1:10CR7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

meeting the constitutional standards necessary to pursue such a claim.

To sustain a claim for selective prosecution, "a defendant must demonstrate that the prosecution 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996) (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)). Pavlock therefore must establish (1) "that similarly situated persons outside of [his] constitutionally protected class are not being prosecuted," and (2) "(2) that the decision to prosecute was invidious or in bad faith." United States v. Hastings, 126 F.3d 310, 315, 313 (4th Cir. 1997).

Examples of constitutionally forbidden motives for pursuing a prosecution include a person's "race, religion, or another arbitrary classification." Id. at 313 (citing United States v. Armstrong, 517 U.S. 456, 465 (1996)). In the face of a selective prosecution claim, the government enjoys a "presumption of prosecutorial regularity;" to overcome this presumption, a defendant's contentions of selective prosecution "must be supported by a showing sufficiently strong to overcome" it. United States v. Wilson, 262 F.3d 305, 315 (4th Cir. 2001).

**UNITED STATES V. PAVLOCK, ET AL.**                          **1:10CR7**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT, OR IN THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36], AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

As the government notes, Pavlock's selective prosecution claim is unsupported by any evidence. Furthermore, he makes no assertions that he belongs to a protected class, or that the decision to prosecute him was motivated by a constitutionally forbidden purpose, such as his race, religion, national origin, or gender. Olvis, 97 F.3d at 743. Moreover, even assuming Pavlock was a member of a protected class, his allegations are barren of any contentions that other persons the government has declined to prosecute are similarly situated to him and also outside of his protected class. Hastings, 126 F.3d 310, at 313.

Given his failure to allege any constitutional violations, and the absence of any evidence supporting his contentions, Pavlock fails to overcome the government's presumption of prosecutorial regularity. Wilson, 262 F.3d at 315. Moreover, the Court will not look behind the government's reasons for prosecuting Pavlock because

> the Constitution commits the prosecutorial function to the Executive Branch, not the Judicial. . . . It is the province of the Government to decide the terms on which it will bring criminal indictments, and to inscribe the charges it will post in them. So long as those charges are grounded upon solid

16

UNITED STATES V. PAVLOCK, ET AL.                                   1:10CR7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 44], DENYING DEFENDANTS'
JOINT MOTION TO DISMISS INDICTMENT, OR IN THE
ALTERNATIVE, MOTION FOR BILL OF PARTICULARS [DKT. NO. 36],
AND DENYING SECOND MOTION TO DISMISS INDICTMENT [DKT. NO. 89]**

> legal predicates not contravened by the
> Constitution or other laws of the United
> States . . . .

Burns, 990 F.2d at 1436 (citing U.S. Const. art. II, § 2). Pavlock thus has failed to establish that he is being prosecuted on the basis of unconstitutional motives, and his selective prosecution claim fails as a matter of law.

## V. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Kaull's R&R in its entirety (dkt. no. 44), **DENIES** the defendants' pro se joint motion to dismiss indictment (dkt. no. 36), and **DENIES** Pavlock's second motion to dismiss the indictment (dkt. no. 89).

It is so **ORDERED.**

The Court directs the Clerk to transmit a copy of this Order to counsel of record.

DATED: July 30, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE