IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**       //   **CRIMINAL ACTION NO. 1:10CR7**
              **(Judge Keeley)**

**MICHAEL J. PAVLOCK and**
**RICHARD W. POWELL, JR.,**

   **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 170] AND DENYING DEFENDANT PAVLOCK'S MOTION TO SUPPRESS EVIDENCE [DKT. NO. 129]**

On September 17, 2010, the defendant, Michael J. Pavlock ("Pavlock"), filed a motion to suppress evidence (dkt. no. 129). On September 21, 2010, the Court referred this matter to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), for a report and recommendation ("R&R") (dkt. no. 138).

On October 25, 2010, Magistrate Judge Kaull issued an R&R recommending that Pavlock's motion to suppress evidence be denied (dkt. no. 170). The R&R also specifically warned that failure to object to the recommendation within fourteen days of receipt of the R&R would result in the waiver of any appellate rights on these issues. Pavlock received service of the R&R on October 25, 2010, and his co-defendant, Richard W. Powell, Jr., received service of

**UNITED STATES V. PAVLOCK, ET AL.**                           **1:10CR7**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 170] AND DENYING DEFENDANT PAVLOCK'S MOTION TO SUPPRESS EVIDENCE [DKT. NO. 129]**

the R&R on November 1, 2010 (dkt. no. 189). To date, no objections have been filed.[1]

The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 170), and **DENIES** Pavlock's third motion to dismiss the indictment (dkt. no. 129).

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record.

Dated: November 17, 2010.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997).